# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | |
| EMILY TARSELL, | No. 10-251V |
| as the Executrix of the Estate of, | Special Master Christian J. Moran |
| CHRISTINA TARSELL, | |
| | Filed: May 13, 2015 |
| Petitioner, | |
| v. | Attorneys' fees and costs; interim |
| | award; amount which is not disputed. |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * | |

<u>Mark T. Sadaka.</u>, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner;
<u>Ann D. Martin.</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

  Emily Tarsell claims that human papillomavirus quadrivalent ("HPV") vaccines administered to her daughter, Christina, on August 22, 2007, November 20, 2007, and June 3, 2008, caused an autoimmune reaction in the nervous tissue of Christina's heart that caused cardiac arrhythmia resulting in her death. Ms. Tarsell seeks compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012). Her case remains pending.

  Ms. Tarsell is now awarded, on interim basis, attorneys' fees and costs in the total amount of **$173,107.70**. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On May 6, 2015, Ms. Tarsell filed a motion for interim attorneys' fees and costs, seeking a total of $173,107.70. This request includes work performed by Ms. Tarsell's attorney, Mark T. Sadaka, in the near five years from the filing of Ms. Tarsell's petition through February 17, 2015. This time period includes the preparation for, and participation in, a two-day hearing held in November 2014, as well as Ms. Tarsell's prehearing and posthearing briefs.

On May 12, 2015, respondent filed a revised stipulation stating that respondent will not object to an award of $173,107.70, for Ms. Tarsell's interim attorneys' fees and costs.[2]

Regardless of whether they are entitled to compensation, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Respondent does not contend that Ms. Tarsell fails to satisfy this standard. Thus, Ms. Tarsell is eligible for an award of attorneys' fees and costs.[3]

After a determination that Ms. Tarsell is eligible for an award of attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the requested amount is reasonable. Therefore, Ms. Tarsell is awarded the amount to which respondent did not object. This decision awards Ms. Tarsell all the attorneys' fees and costs through February 17, 2015.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor. Those fees and costs are awarded as follows:

**A lump sum of $173,107.70, in the form of a check made payable to petitioner, Emily Tarsell, and petitioner's attorney, Mark T. Sadaka, for interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

---

[2] Respondent originally filed the stipulation on May 6, 2015, this original stipulation incorrectly listed the amount requested in petitioner's motion for interim fees, and was stricken.

[3] The finding that the petition was supported by good faith and reasonable basis is not intended to suggest whether Ms. Tarsell is entitled to compensation.

The Clerk shall enter judgment accordingly.[4]  The court thanks the parties for their cooperative efforts in resolving this matter.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.