# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
EMILY TARSELL, as the Executrix    *
of the Estate of CHRISTINA         *      No. 10-251V
TARSELL,                           *      Special Master Christian J. Moran
                     Petitioner,   *
                                   *      Filed: February 26, 2018
v.                                 *
                                   *      Damages; decision on proffer;
SECRETARY OF HEALTH                *       human papillomavirus
AND HUMAN SERVICES,                *      ("HPV") vaccine; sudden
                                   *      death.
                     Respondent.   *
* * * * * * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On April 19, 2010, Emily Tarsell, as executrix of Christina Tarsell's Estate, filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 through 34, alleging that the human papillomavirus ("HPV") vaccine caused Christina to die suddenly and unexpectedly. Initially, the undersigned found that Ms. Tarsell had not met her burden of proof. Decision, 2016 WL 880223 (Fed. Cl. Spec. Mstr. Feb. 16, 2016). However, the Court of Federal Claims vacated the decision and remanded for additional consideration under different legal standards. Opinion and Order, 133 Fed. Cl. 782 (2017). Under the Court-directed legal standards, the undersigned found that Ms. Tarsell was entitled to compensation. Ruling, 2017 WL 4583233 (Fed. Cl. Spec. Mstr. Sep. 25, 2017).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On February 20, 2018, respondent filed a Proffer on Award of Compensation, to which petitioner agrees.  Respondent, nonetheless, maintains his position that petitioner has not established entitlement under the legal standard adopted by the Federal Circuit and denies that Christina Tarsell's arrhythmia and death were caused by vaccination.

Based upon the record as a whole, the special master finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer—in the form of a check payable to petitioner as the legal representative of Christina Tarsell's estate—the court awards petitioner:

1.      **A lump sum payment of $250,000.00 for Christina Tarsell's vaccine-related death;**

2.      **A lump sum payment of $60,000.00 for past pain and suffering for Christina Tarsell's vaccine-related injury; and,**

3.      **A lump sum payment of $130.00 for past unreimbursable expenses related to Christina Tarsell's vaccine-related injury.**

These amounts reflect all elements of compensation to which petitioner would be entitled under 42 U.S.C. §300aa-15(a).  In the Proffer, the parties note that they have waived their right to seek review of this damages decision. However, the Secretary has reserved his right to seek review of the September 25, 2017 ruling finding entitlement.  The Clerk's Office is instructed:

(1) To enter judgment in case 10-251V according to this decision and the attached Proffer;

(2) To provide this decision to the presiding judge pursuant to Vaccine Rule 28.1(a).

Any questions may be directed to my law clerk, Matthew Ginther, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

EMILY TARSELL, as the Executrix )
of the Estate of CHRISTINA TARSELL, )
                                    )
        Petitioner,                 )          No. 10-251V
                                    )          Special Master Moran
    v.                              )          ECF
                                    )
SECRETARY OF HEALTH AND             )
HUMAN SERVICES,                     )
                                    )
        Respondent.                 )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 25, 2017, in a decision on remand, the Special Master determined that

petitioner is entitled to compensation under the National Childhood Vaccine Injury Act of 1986

("Vaccine Act"), as amended, 42 U.S.C. §§300aa-1 to -34, after applying the "Court-directed

legal standards" articulated by Judge Williams in her June 30, 2017, Opinion and Order, which

vacated and remanded the Special Master's February 16, 2016, decision denying compensation.

Maintaining his position that petitioner has not established entitlement to compensation under

Althen v. HHS, 418 F.3d 1274 (Fed. Cir. 2005), and denying that Christina Tarsell's arrhythmia

and death were caused by vaccination, respondent nevertheless proffers an award of

compensation based on the Special Master's finding of entitlement.

The parties have no objection to the amount of proffered damages.  Assuming the Special

Master issues a damages decision in conformity with this proffer, the parties waive their right to

seek review of such damages decision, recognizing that respondent reserves his right, pursuant to

42 U.S.C. § 300aa-12(f), to seek review of the September 25, 2017, decision finding petitioner

entitled to an award under the Vaccine Act.  This right accrues following entry of judgment.

## I.     Items of Compensation

For purposes of this proffer, the term "vaccine-related" is as described in the Special

Master's September 25, 2017, decision finding petitioner entitled to an award under the Vaccine

Act.  Based upon the evidence of record, respondent proffers that petitioner, as legal

representative of the estate of Christina Tarsell, should be awarded the following items of

compensation, pursuant to 42 U.S.C. § 300aa-15(a):

   A.     $250,000.00 for Christina Tarsell's vaccine-related death;

   B.     $60,000.00 for past pain and suffering for Christina Tarsell's vaccine-related
          injury; and,

   C.     $130.00 for past unreimbursable expenses related to Christina Tarsell's vaccine-
          related injury.

These amounts represent all elements of compensation to which petitioner would be entitled

under 42 U.S.C. §300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

Respondent recommends that the compensation should be made through a lump sum

payment of $310,130.00 in the form of a check payable to petitioner as the legal representative of

the estate of Christina Tarsell.  Petitioner agrees.

No payment shall be made until petitioner provides respondent with documentation that

she has been appointed the legal representative of Christina Tarsell's estate.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

2

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ Ann D. Martin by s/ Traci R. Patton
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-1815
E-mail: Ann.Martin @usdoj.gov

Dated:  February 20, 2018