# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
EMILY TARSELL, as the Executrix \*
of the Estate of CHRISTINA           \*      No. 10-251V
TARSELL,                             \*      Special Master Christian J. Moran
        Petitioner,  \*
                                 \*      Filed: July 31, 2018
v.                                   \*
                                 \*
SECRETARY OF HEALTH                  \*      Attorneys' fees & costs
AND HUMAN SERVICES,                  \*
                                 \*
        Respondent.  \*
* * * * * * * * * * * * * * * * * * * *

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Ms. Emily Tarsell brought a successful petition for compensation from the National Childhood Vaccine Compensation Program. She now seeks an award for attorneys' fees and costs. She is awarded her requested amount in part.

\* \* \*

    Represented by Mr. Mark T. Sadaka, Ms. Tarsell filed her petition on April 19, 2010, alleging that the human papillomavirus ("HPV") vaccine caused her daughter, Christina, to die unexpectedly. Pet. at 1. Ms. Tarsell acted as the executrix of Christina's estate and sought compensation pursuant to the National

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Childhood Vaccine Injury Compensation Program, codified at 42 U.S.C. § 300aa−10 through 34 (2012).

On May 17, 2015, petitioner filed a motion for interim attorneys' fees and costs for work performed through February 17, 2015. Petitioner was awarded $173,107.70 in interim attorneys' fees and costs. <u>Interim Fee Decision</u>, issued May 19, 2015, 2015 WL 3631831.

After a motion for review and remand, the undersigned found, on September 25, 2017, that Ms. Tarsell was entitled to compensation. <u>Ruling</u>, 2017 WL 4583233. On December 18, 2017, petitioner filed a subsequent motion for interim attorneys' fees and costs. On January 16, 2018, the motion was denied, without prejudice, because the resolution of the case was likely imminent. Order, issued Jan. 16, 2018.

One month later, the parties agreed upon a proffer on award of compensation, and the undersigned found the proffer reasonable. <u>Decision</u>, issued Feb. 26, 2018, 2018 WL 1559865.

Petitioner filed the present motion for attorneys' fees and costs on April 24, 2018.[2] Petitioner requested $58,767.34 for attorneys' fees and $587.90 for costs since February 17, 2015, and $877.14 for petitioner's costs since 2008. Mot. Attys' Fees & Costs at 2.

On May 8, 2018, respondent filed his response to petitioner's motion. In his response, respondent did not object to petitioner's motion. Resp't's Resp. at 2. Instead, respondent deferred to the undersigned to determine the reasonableness of petitioner's motion. <u>Id.</u> at 3. This matter is now ripe for adjudication.

I.   **Attorneys' Fees**

Because Ms. Tarsell received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether petitioner's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step

---

[2] Petitioner's motion for attorneys' fees and costs has inconsistent pagination. Thus, for ease of reference, cites to petitioner's motion will refer to the PDF page numbers.

2

process. See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. See id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

### A. Hourly Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. Avera, 515 F.3d at 1348-49. The forum in Vaccine Act cases will always be Washington, DC because special masters operate as "extension[s] of the United States Court of Federal Claims." Id. at 1353. When deciding the reasonableness of requested rates, special masters may consider an attorney's overall legal experience and experience in the Vaccine Program, as well as the quality of the work performed. See McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).

Three attorneys worked on Ms. Tarsell's case: Mr. Mark T. Sadaka, Ms. Anna Sweeney, and Mr. Andrew Pinon. Mot. Atty's' Fees & Costs at 2. Four paralegals worked on petitioner's case: Ms. Bria Wilson, Ms. Keri Congiusti, Ms. Melina Fotiou, and Ms. Michele Curry. Id. One law clerk, Mr. Peter Anastasio Jr., worked on petitioner's case as well. Id.

The undersigned finds all the requested rates for work between 2015 and 2018 reasonable.

### B. Number of Hours Billed

Having established reasonable rates, the undersigned turns to the amount of time counsel billed on this matter in order to determine the total fee award. Petitioner's counsel's billing records reflect clerical, duplicative, and excessive billing entries. In addition, counsel often relies on block billing. As elucidated below, these findings indicate a reduction in the number of hours billed is appropriate.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program because it is "considered as normal overhead office costs included in attorneys' fees . . . ." Rochester v. United States, 18 Cl. Ct. 379, 387 (1989). Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015), mot. for rev. denied in relevant part, 124 Fed. Cl. 153, app. dismissed, No. 2016-1753 (Fed. Cir. April 22, 2016). Moreover, billing for administrative tasks, like scheduling and calendaring deadlines, is also not compensable. See Kerridge v. Sec'y of Health & Human Servs., No. 15-0852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017).

Furthermore, billing records reflecting duplicative billing are subject to reductions. Duplicative billing includes multiple staff members and/or attorneys reviewing and billing for the same tasks. See Z.H. v. Sec'y of Health & Human Servs., No. 16-123V, 2018 WL 1835210, at *7 (Fed. Cl. Spec. Mstr. Mar. 6, 2018) (reducing fees where "[m]ultiple attorneys reviewed the same orders and notifications and all billed time for doing so"). In Turkopolis, Special Master Millman reduced fees after noting a pattern of billing 0.10 attorney hours for review of all filings, regardless of the filing's length or complexity. See Turkupolis v. Sec'y of Health & Human Servs., No. 10-351V, 2015 WL 393343, at *13 (Fed. Cl. Spec. Mstr. Jan. 9, 2015).

Billing records reflecting excessive billing are also subject to reductions. Billing for intra-office communication is unreasonable and excessive. See Ericzon v. Sec'y of Health & Human Servs., No. 16-753V, 2016 WL 447770, at *3 (Fed. Cl. Spec. Mstr. Jan. 15, 2016). Intra-office communication includes emails and meetings between associates, paralegals, and lead attorneys. See Panaitescu v. Sec'y of Health & Human Servs., No. 16-753V, 2017 WL 4876036, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2017) (holding counsel excessively billed for intra-office communication and reduced the hours expended by 10%). Moreover, repetitive billing for emails can be excessive when charging for sending and receiving emails separately. See Guerrero, 124 Fed. Cl. at 159.

Finally, block billing is discouraged in the Vaccine Program. See Barry v. Sec'y of Health & Human Servs., No. 12-039V, 2016 WL 683552, at *21-22; see also Broekelschen v. Sec'y of Health & Human Servs., No. 07-137V, 2008 WL 5456319, at *5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (making a total 20% deduction because the block billing prevented a reasonable assessment due to "the lack of more specific information . . . ."). The Vaccine Guidelines clearly state that

4

"[e]ach task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request." Guidelines for Practice Under the National Vaccine Injury Compensation Program, at 68 (Office of Special Masters, United States Court of Federal Claims, April 2016).

In this case, petitioner's billing records reflect clerical and administrative tasks that are not compensated for by the Vaccine Program. Such tasks are labeled as: "prepare documents for trial binder," "update schedule," "file and serve," or "set docket deadline." Mot. Attys' Fees & Costs, Exhibit A at 1-3, 6-12. As noted above, clerical tasks are not compensable and there are over twenty such entries. See id.

Petitioner's records also indicate duplicative billing entries by Mr. Sadaka, his associates, and his paralegals. The records indicate repetitious billing, where Mr. Sadaka and another employee billed for the same entries. These entries are described as "receipt/review" of notices, minute entries, orders, unopposed motions, notices of assignment, or scheduling orders. Mot. Attys' Fees & Costs, Exhibit A at 1-12. Duplicative billing for such tasks is not reasonable, and there are over fifty such entries. See id.

Additionally, the undersigned finds that there are excessive entries by Mr. Sadaka, his associates, his paralegals, and his law clerk. The excessive entries include intra-office communication and billing for correspondence sent and received. The excessive correspondence and intra-office communication billed for are described as: "inhouse communication," "prepare for attorney review," "communicate with associate attorney," "communicate with peer counsel," "communicate with attorney," "communicate with inhouse staff," and separate billings for sending and receiving "correspondence." Id. at 1, 3-5, 7-11. There are over forty such entries. See id.

More generally, the block billing in petitioner's records frustrates the undersigned's ability to assess the reasonableness of the time expended on each of the aforementioned entries. Furthermore, the undersigned notes that using block billing can often mask other deficiencies. For example, block billing can obfuscate work that is clerical and/or duplicative in nature.

For the aforementioned reasons, the undersigned finds that a **20% reduction in the number of hours billed is appropriate.**

## II.     Costs

The Vaccine Act also permits an award of costs.  42 U.S.C. § 300aa-15(e).  Like attorneys' fees, a request for reimbursement of incurred costs must be reasonable and supported by documentation.  See Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  When a requested cost does not appear reasonable, special masters may not award such a cost if it is undocumented and unexplained.  See Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *15 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011); Long v. Sec'y of Health & Human Servs., No. 91-326, 1995 WL 774600, at *8 (Fed. Cl. Spec. Mstr. Dec. 21, 1995) (the court "cannot compensate petitioner for undocumented, unexplained charges").  Moreover, the parties of a lawsuit are not entitled to witness fees for their missed work to attend hearings.  28 U.S.C. § 1821; see Stevens v. CoreLogic, Inc., 893 F.3d 648, 660 (9th Cir. 2018); Picking v. Pennsylvania R. Co., 11 F.R.D. 71, 72 (M.D. Pa. 1951), app. dismissed, 201 F.2d 672; Long, No. 91-326, at *2.

The undersigned finds most of the costs reasonable, except for two requests.  First, the $45.49 "Gift cost" entry listed under "Additional Charges" was not accompanied by a receipt nor an explanation.  Mot. Attys' Fees & Costs, Exhibit A at 13.  Without supporting evidence or any explanation for the "gift cost," the undersigned cannot assess the reasonableness and cannot award said cost.  Second, petitioner's requested $598.50 for cancelling six appointments with her clients to attend the fact hearing.  Mot. Attys' Fees & Costs, Exhibit B at 1, 3.  As the executrix of her daughter's estate, Ms. Tarsell is a party to this claim.  As such, she is not entitled to costs for missing work to attend the fact hearing.

Thus, the undersigned **reduces petitioner's costs by $643.99**.

## III.     Conclusion

For the aforementioned reasons, petitioner's request for attorneys' fees is reduced by 20%, and petitioner's request for costs is reduced by $643.99.  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned reviewed the billing records and costs in this case and finds petitioner's request for fees and costs, other than those reductions delineated above, is reasonable.

Accordingly, petitioner is awarded a total of **$47,834.93** as follows:

1. **The total of $47,556.31, in the form of a check made payable jointly to petitioner and petitioner's counsel, Mark Theodore Sadaka, of Mark T. Sadaka, LLC, for attorneys' fees and costs; and**

2. **The total of $278.62, in the form of a check made payable to petitioner, for petitioner's costs.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

s/Christian J. Moran  
Christian J. Moran  
Special Master